**The below described is SIGNED.**

Dated: December 09, 2009

R. KIMBALL MOSIER
**U.S. Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Number: 09-28879 |
| Coby R. Duffin and Jeanie Marie Dufin | Chapter 7 |
| Debtors. | Judge R. Kimball Mosier |

### MEMORANDUM DECISION DENYING
### TRUSTEE'S OBJECTION TO DEBTORS' CLAIMED EXEMPTION

This matter came before the court on the 9th Day of November, 2009 on the Objection to

Exemption filed by Stephen W. Rupp of McKay, Burton & Thurman, the Chapter 7 Trustee

assigned in this case (Trustee).  At the hearing the Trustee appeared on behalf of himself and

Geoffrey C. Dietrich of G.C. Dietrich Law, P.C. appeared on behalf of the debtors.

### FACTS

Coby R. Duffin and Jeanie Marie Duffin (Debtors) filed a Chapter 7 bankruptcy petition

on August 20, 2009 (Petition Date).  On the Petition Date, Debtors owned two State Farm

Insurance Company universal life insurance policies (Policies).  One of the Policies is owned by

Colby R. Duffin and is listed on the Debtors' "Schedule B - Personal Property" at a value of

$4,000. 00.  The other policy is owned by Jeanie Marie Duffin and is listed at a value of $4,500.00.  Debtors claimed the full value of the Policies exempt in their "Schedule C - Property Claimed As Exempt".

On October 8, 2000, the Trustee timely objected to Debtors' claimed exemptions of the Policies.  The Trustee's objection argues that Debtors testified at the first meeting of creditors that during the year prior to the Petition Date they made premium payments on the Policies totaling $300.00 per month for a total of $3,600.00, and that under Utah Code Annotated §78B-505-1(a)(xiii) (the Statute),  Debtors are not entitled to an exemption of payments made on the Policies during the one year period prior to the Petition Date.

Debtors' response to the Trustee's objection states that at the first meeting of creditors, they erroneously overstated the amount of the contract payments on the Policies and that Debtors only paid $226.00 per month for a total of $2,712.00 during the one year period prior to the Petition Date.  Debtors contend that payments made on universal life policies consist of separate components: 1) a term life component plus administrative fees; and  2) an investment component with an accruing cash value, and that only payments made on the investment component should be excluded from their claimed exemption.  At the hearing, the Trustee conceded that Debtors only paid $226.00 per month on their universal life policies for a total paid during the one year period of $2,712.00.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E) and (O), and 1334.  Venue is appropriate under 28 U.S.C. § 1408(1).

2

## ANALYSIS

Under 11 U.S.C. § 522(b), a state may determine that state exemptions apply in bankruptcy cases and preclude debtors from claiming federal exemptions in bankruptcy cases. The State of Utah did this.  *See* Utah Code Annotated § 78B-5-513.  Debtors claimed the Policies exempt under Utah Code Annotated § 78B-5-505 which provides that an individual is entitled to exemption of proceeds and avails of unmatured life insurance policies.  Utah Code Annotated § 78B-5-505(1)(a)(xiii) reads as follows:

(1)(a) An individual is entitled to exemption of the following property:

. . . .

(xiii) proceeds and avails of any unmatured life insurance contracts owned by the debtor or any revocable grantor trust created by the debtor, excluding any payments made on the contract during the one year immediately preceding a creditor's levy or execution[.]

To resolve the Trustee's objection, this Court must interpret the Statute under the laws of the State of Utah.  When a federal court is called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, it must endeavor to predict how that high court would rule.  The decision of an intermediate appellate state court is a datum for ascertaining the state law question.  *Stickley v. State Farm Mutual Automobile Insurance Co.*, 505 F.3d 1070  (10th Cir. 2007).  The Court is unaware of any Utah State Supreme Court or intermediate court cases interpreting U.C.A. § 78B-5-505(1)(a)(xiii).  Neither of the parties to this dispute cited to any cases decided by a court of the State of Utah.  Where no state cases exist on a point, a federal court must turn to other state court decisions, federal decisions, and the general weight and trend of authority to interpret the state law question.

3

*Estate of Harris v. Harris*, 218 F.3d 1140 (10th Cir. 2000).  This Court will approach the analysis

accordingly.

The plain meaning of legislation should be conclusive, except in the rare cases in which

the literal application of a statute will produce a result demonstrably at odds with the intentions

of its drafters.  In such cases, the intention of the drafters, rather than the strict language,

controls.  *United States v. Ron Pair*, 489 U.S. 235, 243 (1989).  It is well established that when a

statute's language is plain, the sole function of the courts - at least where the disposition required

by the text is not absurd - is to enforce it according to its terms.  *Lamie v. United States Trustee*,

540 U.S. 526, 534 (2004).  Both clauses found under U.C.A. § 78B-5-505(1)(a)(xiii) avail

themselves to interpretation under the plain meaning rule.

The first clause of the Statute operates to allow an exemption for proceeds and avails of

any unmatured life insurance contracts.  Neither party argues that the first clause of the Statute

does not serve to grant an exemption of Debtors' Policies.  This Court agrees that the plain

language of the first clause grants an exemption of the proceeds and avails of the Policies owned

by Debtors.

The second clause of the Statute serves to exclude from exemption, any payments made

on life insurance contracts during the one year immediately preceding a creditor's levy or

execution.  In this case, Debtors made payments on the Policies during the one year immediately

preceding the Petition Date that total $2,712.00.  The Trustee argues that under the terms of the

second clause of the Statute, the entire amount of the $2,712.00 paid by Debtors during the one

year immediately preceding the Petition Date must be excluded from the Debtors' exemption.

Debtors argue that only payments allocated to the investment savings component of the Policies

4

should be excluded from Debtors' claimed exemption. For the reasons set forth below, the Court does not address the argument advanced by Debtors.

As stated earlier, "once a debtor claims an exemption, the objecting party bears the burden of proving the exemption is not properly claimed." *In re Lampe*, at 754. Accordingly, it is the Trustee's burden to prove that the second clause of the Statute should operate to exclude from exemption payments made by Debtors during the one year immediately prior to the Petition Date. The Trustee alleges that Debtors filed for protection under the bankruptcy laws on August 20, 2009 and seeks to exclude from exemption all payments the Debtors made on the Policies between August 20, 2008 and August 20, 2009. The flaw in the Trustee's argument is that the Statute does not provide for the exclusion of payments made on a life insurance contract during the one year prior to the filing of a bankruptcy petition. The Statute excludes payments made on a life insurance contract during the one year immediately preceding a creditor's levy or execution. By its own terms, the second clause of the Statute only comes into operation when there has been a creditor's levy or execution. The Statute is not open ended and does not invite additional triggering events. The only two events that trigger the exclusion from exemption are a creditor's levy and a creditor's execution. The Trustee does not allege that a creditor's levy or execution occurred at any time relevant to this proceeding.

Doubtless, the Trustee assumes that the filing of a bankruptcy petition is tantamount to a creditor's levy or execution and that the Court should treat Debtors' voluntary petition as such. As tempting as it might be to treat Debtors' voluntary bankruptcy petition as a creditor's levy or execution for purposes of the Statute, the cannons of statutory construction prohibit this Court from doing so. Although the cannons of statutory construction are no more than rules of thumb that help courts determine the meaning of legislation, when interpreting a statute a court should

always turn first to one cardinal canon before all others. "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last and judicial inquiry is complete." (citations omitted) *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-254 (1992).

Any argument that the Utah legislature may have meant to include the event of a bankruptcy petition as a triggering event for the second clause of the Statute is further dispelled by another well settled canon of statutory interpretation. Where legislation includes particular language in one section of a statute but omits it in another section of the same statute, it is generally presumed that the legislation was intentionally and purposely written in the disparate inclusion or exclusion. *Russello v. United States*, 464 U.S. 16, 23 (1983). Here, the neighboring section of the Statute, U.C.A. § 78B-5-505(1)(a)(xiv) grants an exemption in funds contributed into various types of retirement plans, but under U.C.A. § 78B-5-505(1)(b)(ii) any amount contributed within one year "before a debtor files for bankruptcy" is excluded from the exemption. Without a doubt, the legislature was mindful of the prospect of a debtor filing for bankruptcy when the Utah Exemptions Act, U.C.A. § 78B-5-501 was drafted. That the Utah legislature chose to use the filing of bankruptcy to exclude certain contributions made within one year of an exemption claimed under § 78B-5-505(1)(a)(xiv) and chose not to use the filing of bankruptcy to exclude payments made within one year of an exemption claimed under § 78B-5-505(1)(a)(xiii) has meaning. Applying the plain meaning of the Statute does not produce a result demonstrably at odds with the intention of the drafters, and this Court will not second guess the legislative intent of the Utah legislature in the face of such a clear disparity.

6

## CONCLUSION

Debtors have claimed an exemption of all proceeds and avails of their two universal life

insurance policies.  In the absence of a creditor's levy or execution, no amount of the proceeds or

avails of the Policies are excluded from the amount claimed exempt and the Trustee's objection

to Debtor's exemption of the proceeds and avails of the Policies should be denied.

--------------------------------------------END OF DOCUMENT---------------------------------

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing Memorandum Decision Denying Trustee's Objection to Debtors' Claimed Exemption  will be effected through the Bankruptcy Noticing Center to the following parties.

Coy R. Duffin
Jeanie Marie Duffin
1588 Dean Ave.
Tooele, UT 84074

Geoffrey C. Dietrich
G.C. Dietrich Law, P.C.
1785 East 1450 South, Suite 240
Clearfield, UT 84015

Stephen W. Rupp
McKay, Burton & Thurman
170 South Main Street, Suite 800
Salt Lake City, UT 84101